UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

B.F. and A.A., minors, by and through their guardian Joey Fields, *et al.*,

Plaintiffs,

v.

AMAZON.COM, INC., *et al.*,

Defendants.

Case No. C19-910-RAJ-MLP

ORDER DENYING DEFENDANTS' UNOPPOSED MOTION TO SEAL

This matter comes before the Court upon Defendants' unopposed motion to seal several declarations and exhibits submitted in support of their pending Motion to Compel Arbitration and Dismiss Plaintiffs' Claims. (Dkt. # 58.) As discussed below, Defendants' motion is DENIED, and they must submit a properly redacted version of the documents at issue.

Under the Court's Local Rules, "[t]here is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g); *see also Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). To rebut this presumption, a party must file a motion that includes "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rules W.D. Wash. LCR 5(g)(3)(B). Thus, the burden is on the moving party to come forward with an applicable

legal standard justifying the sealing of the documents at issue and to produce evidentiary support showing that the standard is met. *See id.*

A party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to seal records in connection with a nondispositive motion, by contrast, must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.,* 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). The "compelling reasons" standard applies to this motion, as the declarations and exhibits at issue were filed in support of Defendants' Motion to Compel Arbitration or Dismiss this action, which if granted would be dispositive of the proceeding.

Under the "compelling reasons" standard, the party seeking to seal judicial records bears the burden of "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana,* 447 F.3d at 1178–79 (internal citations and quotation marks omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179. Then, "if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

Defendants move the Court for leave to maintain the following declarations and exhibits under seal:

1      (1) Declaration of Trent Gillespie in support of Defendants' Motion to Compel Arbitration and Exhibit A thereto (Dkt. # 59);

    (2) Declaration of Owen Bell in Support of Defendants' Motion to Compel Arbitration and Exhibit A thereto (Dkt. # 60); and

    (3) Unredacted Declaration of Tyler Newby in Support of Defendants' Motion to Compel Arbitration and Exhibits 2, 4, 5, 6, 8, 9, and 10 thereto (Dkt. # 62).

(Dkt. # 58 at 2.)

Specifically, Defendants ask the Court to maintain Exhibit A to both the Gillespie and Bell Declarations (Dkts. ## 59, Ex. A and 60, Ex. A) under seal because they contain the parties' confidential information and internal data. Specifically, Exhibit A to the Gillespie Declaration contains charts summarizing the account information for each Plaintiff's guardian and their household, the Alexa devices they have activated, and the Alexa skills enabled. (Dkt. # 59, Ex. A.) Exhibit A to the Bell Declaration contains a summary of Plaintiffs' parents and household member's Amazon account purchase history. (Dkt. # 60, Ex. A.) The Gillespie and Bell declarations themselves contain Plaintiffs' guardians' email addresses, the specific names of the Alexa devices in each Plaintiff's household, the number of purchases each account holder has made, and the names of "kid skills" individual Plaintiffs' guardians have downloaded. (Dkt. ## 59 (Gillespie Decl.) and 60 (Bell Decl.).)

Defendants further contend that Plaintiffs previously designated their guardians' email addresses as "Confidential" when disclosing them in discovery, and therefore the documents should remain sealed to protect this personal information. (Dkt. # 58 at 4 (*citing Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to

protect an individual's privacy interest and to prevent exposure to harm or identity theft.").) In addition, Defendants assert that the exhibits include "Amazon's non-public, commercially sensitive information and internal data as well as data reflecting Plaintiffs' Parents' usage of Amazon services." (Dkt. # 58 at 4.) Defendants assert that if such information were disclosed to the public, this business information might harm Defendants' competitive standing. (*Id.* (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Electronic Arts*, 298 F. App'x 568, 569-70 (9th Cir. 2008)).)

Finally, Defendants claim that the Newby Declaration (dkt. # 61) and Exhibits 2, 4, 6, 8 and 9 thereto include the same customer email addresses designated as "confidential" and also reference internal Amazon customer records about certain Plaintiffs' guardians described in the Gillespie declaration. The exhibits include Plaintiffs' responses to interrogatories that provide those email addresses, as well as excerpts of public record reports about two of Plaintiffs' guardians. Defendants seek to maintain these exhibits under seal, although they are public records, because "they include compilations of residential history information about two Plaintiffs' parents." (Dkt. # 58 at 5.)

The Court finds that although Defendants' motion to seal properly acknowledges the "compelling reasons" standard, it does not satisfy it. (Dkt. # 58.) Certainly some of the information contained in the declarations and exhibits at issue – namely the Plaintiffs' guardians' email addresses – should be redacted from any publicly filed document. Given the nature of the claims at issue, the Court is mindful that the email addresses should be kept confidential to protect the Plaintiffs' guardians' privacy interest and prevent exposure to harm or identity theft. Apart from the email addresses, however, Defendants have not articulated "compelling reasons" why any of the other information at issue must be kept under seal. By bringing this lawsuit

against Defendants, Plaintiffs' guardians have put their usage of Amazon's services directly at issue, and cannot reasonably expect filings in this case not to include details about their use of Defendants' products and services.

Without more, Defendants' bare assertion that public disclosure of the other "non-public, commercially sensitive" information contained in the declarations and exhibits will "risk serious competitive injury and prejudice to Amazon" is not a compelling reason that overrides the public's interest in disclosure. As noted above, LCR 5(g)(3)(B) requires the moving party to actually *explain* the interest that warrants the relief, the injury that will result, and why a less restrictive alternative to sealing the documents is not sufficient after "explor[ing] redaction and other alternatives" to filing an entire document under seal. Defendants have not explained how or why this information should be considered commercially sensitive or proprietary, how the company could be harmed by its disclosure, or why redaction of the confidential email addresses would not be a sufficient remedy. (Dkt. # 58 at 4.) Moreover, if the declarations and exhibits do contain other sensitive business information that may warrant redaction under the applicable standard, Defendants have yet to make this showing.

Accordingly, the Court finds that redaction of Plaintiffs' guardians' email addresses from all Defendants' submissions meets the "compelling reasons" standard rather than a blanket order sealing the entirety of the documents at issue, and is a far more appropriate approach.[1] The Court therefore DENIES Defendants' motion to seal the Gillespie, Bell, and Newby Declarations and exhibits thereto submitted in support of Defendants' Motion to Compel Arbitration, as Defendants have not made a sufficient showing that public disclosure of these documents would

---

[1] The Court notes that the mere fact that Plaintiffs did not oppose Defendants' motion to seal does not constitute a compelling reason to seal information that should otherwise be available to the public. Moreover, although Defendants' motion represents that Plaintiffs expressed their lack of opposition, no declaration was submitted in support of this representation.

cause any harm to Plaintiffs or Defendants. The Court DIRECTS the Clerk to maintain the seal on the unredacted declarations and exhibits at issue (dkt. ## 59, 60, 62), and ORDERS Defendants to re-file these materials, with the Plaintiffs' guardians' email addresses fully redacted, by no later than **Friday, September 27, 2019.**

The Clerk is directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

Dated this 23rd day of September, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge