THE HONORABLE RICHARD A. JONES
THE HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B.F. and A.A., minors, by and through their guardian Joey Fields, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation, and A2Z DEVELOPMENT CENTER, INC., a Delaware corporation,<br><br>Defendants. | Case No.: 2:19-cv-910-RAJ-MLP<br><br>**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM OF FACTS AND LAW IN SUPPORT**<br><br>**NOTED ON MOTION CALENDAR: OCTOBER 18, 2019**<br><br>**ORAL ARGUMENT REQUESTED** |

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................................... 1

III. LEGAL STANDARD .......................................................................................................... 4

IV. ARGUMENT ....................................................................................................................... 5

    A. Amazon Cannot Grant Itself a a Stay of Discovery After Having Been Twice Denied One by This Court. ........................................................................ 5

    B. Amazon's Boilerplate Objections and Noncompliance with Rule 34(b)(2)(C) Evince a Fundamental Disregard for Amazon's Discovery Obligations and the Court's Scheduling Order. ................................................... 8

V. CONCLUSION .................................................................................................................. 11

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

i

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

# TABLE OF AUTHORITIES

**Page**

**Cases**

*3BA Int'l LLC v. Lubahn,*
  No 10-cv-829, 2012 WL 12845638 (W.D. Wash. Mar. 23, 2012) ............................................. 8

*Barker v. Kapsch Trafficcom USA, Inc.*,
  No. 19-cv-00987, 2019 WL 2524247 (S.D. Ind. June 18, 2019) .............................................. 8

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir. 1975) ................................................................................................... 5

*Daniel J. Hartwig Assocs., Inc. v. Kanner*,
  913 F.2d 1213 (7th Cir. 1990) ................................................................................................. 7

*Davis v. Fendler*,
  650 F.2d 1154 (9th Cir. 1981) ................................................................................................. 9

*First Am. Title Ins. Co. v. Commerce Assocs., LLC*,
  No. 2:15-cv-832, 2016 WL 951175 (D. Nev. Mar. 8, 2016) .................................................... 8

*Norm Thompson Outfitters, Inc. v. Starcrest Prod. of California, Inc.*,
  No. 03-cv-1149, 2004 WL 957774 (D. Or. May 4, 2004) ....................................................... 8

*State Farm Fire & Cas. v. Helen of Troy, LLC*,
  No. C15-1771-RSM, 2016 WL 7387100 (W.D. Wash. Dec. 21, 2016) .................................. 5

*Treemo, Inc. v. Flipboard, Inc.*,
  No. 13-cv-1218-JPD, 2014 WL 12029197 (W.D. Wash. Jan. 14, 2014) ................................ 9

*Trotsky v. Travelers Indem. Co.*,
  No. 11-cv-2144-JCC, 2013 WL 12116153 (W.D. Wash. May 8, 2013) ................................. 9

*Weidenhamer v. Expedia, Inc.*,
  No. C-14-1239RAJ, 2015 WL 1292978 (W.D. Wash. Mar. 23, 2015) ..................... 5, 9, 10, 11

*Younger v. Michael & Assocs., P.C.*,
  No. 13-CV-1679 YGR, 2014 WL 1760827 (N.D. Cal. Apr. 30, 2014) ................................... 7

*Zaldivar v. T-Mobile USA*,
  No. 07-cv-169, 2008 WL 11344660 (W.D. Wash. May 2, 2008) ........................................... 8

**Rules and Regulations**

LCR 7(j) ............................................................................................................................................ 5

LCR 37(a)(1) ..................................................................................................................................... 1

Fed. R. Civ. P. 1 ............................................................................................................................... 4

Fed. R. Civ. P. 26(b)(1) .................................................................................................................... 4

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

ii

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Fed. R. Civ. P. 33(b)(4)...........................................................................................................5

Fed. R. Civ. P. 34(b)(2)(C) ............................................................................................3, 8, 10

Fed. R. Civ. P. 37 ....................................................................................................................10

Fed. R. Civ. P. 37(a)(3)(B) .......................................................................................................1

Fed. R. Civ. P. 37(a)(5)(A) .......................................................................................................5

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

iii

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## I.  INTRODUCTION

Nearly two months ago, Amazon[1] moved to stay all merits and class discovery. The Court denied Amazon's motion. Dkt. 52. Shortly thereafter, the Parties submitted their scheduling proposals to the Court, and Amazon again took the position that there should be no discovery until the Court ruled on its forthcoming motion to compel arbitration. The Court again denied Amazon's request, and set a four-month class discovery schedule.

Despite this Court's denial of Amazon's motion to stay and clear instruction that the parties are to proceed with discovery, Amazon has categorically refused to respond substantively to any of Plaintiffs' discovery requests, taking the remarkable position that it can withhold responses and documents because "discovery should be stayed and discovery is premature prior to the Court's decision on Defendant's pending motion to compel arbitration." Amazon might believe that "discovery should be stayed" pending resolution of its motion, but this Court has rejected that position. By witholding documents on this basis, Amazon is, in essence, seeking to arrogate to itself the power to impose the very stay that this Court denied. That conduct should not be countenanced. Plaintiffs move under Federal Rule of Civil Procedure 37(a)(3)(B) for an order compelling Defendants to produce, without delay, responsive documents and/or respond substantively to Plaintiffs' First Set of Requests for Production and First Sets of Interrogatories.[2]

## II.  STATEMENT OF FACTS

This action has been pending since June. Dkt. 1. Plaintiffs' amended complaint, setting forth the operative claims and class definitions, has been on file since early July. Dkt. 24. Seven weeks ago, Amazon asked the Court to stay this action indefinitely based on the mere *anticipation* of Amazon filing a motion to compel arbitration. Dkt. 45. As Plaintiffs pointed out in their opposition papers, Amazon's request was unprecedented. Dkt. 48 at 6. The Court denied that

---

[1]  As they have done previously, Plaintiffs refer to Defendants Amazon.com, Inc. and A2Z Development Center, Inc. by the singular collective "Amazon."

[2]  Plaintiffs' counsel met and conferred with Defendants' counsel in accordance with LCR 37(a)(1). *See* Declaration of Lauren Hudson in support of Plaintiffs' Motion to Compel Discovery Responses ("Hudson Decl.") ¶ 8.

| MOTION TO COMPEL DISCOVERY RESPONSES<br>CASE NO. 2:19-CV-910-RAJ-MLP | 1 | QUINN EMANUEL URQUHART & SULLIVAN LLP<br>600 UNIVERSITY STREET SUITE 2800<br>SEATTLE, WASHINGTON 98101<br>Tel: (206) 905-7000 |
|---|---|---|

1  request in its entirety. Dkt. 52. In so doing, the Court noted that it wanted to keep the case moving
2  along, and that if some discovery deadlines were removed, the Court was "afraid that it's going to
3  languish, and there will be a de facto stay in this case." Hudson Decl. ¶ 3, Ex. 1 (Tr. of Aug. 13,
4  2019 Hr'g.) at 22:3–6.

5        Plaintiffs served their first interrogatories and requests for production shortly after the
6  denial of Amazon's motion, on August 22, 2019. Hudson Decl. ¶ 4, Ex. 2 (Plaintiffs' Interrogs.
7  to Amazon.com, Inc.), Ex. 3 (Plaintiffs' Interrogs. to A2Z Development Center, Inc.), Ex. 4
8  (Plaintiffs' Requests for Production ("RFPs")). The Parties then submitted their Joint Status
9  Report and Discovery Plan. Dkt. 53. In their joint submission, Plaintiffs proposed a six-month
10 fact-discovery period, followed by expert discovery and class certification briefing. *Id.* at 9.
11 Amazon insisted upon the position rejected by this Court just three weeks earlier: "propos[ing]
12 that the Court stay non-arbitration merits discovery until the Court's decision on Defendants'
13 Motion to Compel Arbitration." *Id.* The argument did not fare any better the second time, and
14 the Court rejected it by setting a schedule that was more accelerated than even Plaintiffs had
15 requested, under which class certification discovery is to be completed and a class certification
16 motion filed by January 7, 2020. Dkt. 54.

17       Amazon responded to Plaintiffs' discovery requests on September 23, 2019. Hudson Decl.
18 ¶ 6. Although the Court has unambiguously ordered—twice—that discovery is not stayed,
19 Amazon took the position that "merits discovery *should* be stayed and Plaintiffs' discovery
20 requests are premature until the Court decides Defendants' pending motion to compel arbitration."
21 *See id.*, Ex. 5 (Amazon.com, Inc.'s Objections to Interrogs.), Ex. 6 (A2Z Development Center,
22 Inc.'s Objections to Interrogs.), Ex. 7 (Defendants' Objections to RFPs) (emphasis added).
23 Amazon used this objection as a basis for refusing to provide *any* new facts or responsive
24 documents. *Id.* In fact, the only documents Amazon offered in response to any discovery requests
25 were citations to Amazon's filings in support of its motion to compel. *See id.*, Ex. 5, Resp. Nos.
26 1–2; Ex. 7, Resp. Nos. 1, 2, 4–18, 24.

27       Amazon also objected to the requests on the basis that no protective order had yet been
28 entered, and stated that it would "only produce [responsive] information subject to an appropriate

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

2

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

protective order." *See id.*, Ex. 5 (raising objection to nine out of thirteen interrogatories), Ex. 6 (raising objection to five out of six interrogatories), Ex. 7 (raising objection to eighty-nine out of ninety-four requests for production). To round out its noncompliant responses, Amazon added a litany of cut-and-paste, boilerplate objections to each request, some of which conflicted directly with its other objections.[3] In its objections to Plaintiffs' RFPs, Amazon failed to "state whether any responsive materials are being withheld on the basis of that objection." *See* Fed. R. Civ. P. 34(b)(2)(C).

The day after receiving Amazon's deficient responses, Plaintiffs' counsel sought a telephonic meet-and-confer, which took place three days later on September 27, 2019. *See* Hudson Decl. ¶¶ 7–8, Ex. 8 (Sept. 24, 2019 A. Schapiro Email). The meet and confer was not productive. During the call, Plaintiffs' counsel reminded Amazon's counsel that their request for a stay was denied when presented as a motion and was denied when presented again in the joint status report. *Id.* ¶ 10. There was thus no basis for Amazon to proceed as if discovery had been stayed.

In response, Amazon's counsel cited the August 13, 2019 hearing on Amazon's motion to stay, in which the Court noted that "when [Amazon] file[s its] motion to compel arbitration, [the Court was] assuming that will come with a motion to stay, and that is a better time for the judge, whoever decides that motion to compel, for them to decide whether or not it's appropriate to have a lengthier stay." *Id.* ¶ 11; ¶ 3, Ex. 1 at 22:7–11. Counsel for Plaintiffs pointed out that nothing in the Court's statement suggested that such a stay would be granted *automatically* upon request. Decl. ¶ 11. To the contrary, the Court observed that the motion to compel might "come with a motion to stay," and that this would the "better time" for the Court to revisit any renewed request for a stay. Nonetheless, Amazon's counsel responded that "I don't think we're going to reach a compromise on this and if you need to move then you need to move." *Id.* ¶ 12.

---

[3] *See, e.g.*, Hudson Decl. ¶ 6, Ex. 5, Resp. No. 2 (objecting, *inter alia*, that the discovery request "seeks disclosure of information that is privileged, confidential and/or proprietary" but also that the request "seeks information that is equally available to Plaintiffs from other sources that are more convenient, less burdensome and/or less expensive, including that *are already in Plaintiffs' possession; or are publicly available.*") (emphasis added).

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP
3
QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

Plaintiffs' counsel also addressed Amazon's objections regarding the protective order and stated that they were fine with the district's model order. *Id*. ¶ 13. While a protective order has not yet been formally entered, the Parties already agreed to comply with this Court's model protective order when they served initial disclosures on August 30, 2019. *Id*. ¶ 5, Ex. 9 (Aug. 30, 2019 L. Hudson Email). To the extent Amazon believed a different protective order was appropriate, the burden was on Amazon to propose one, rather than simply refusing to produce discovery. Amazon's counsel responded that they would draft and share for Plaintiffs' review a proposed protective order. *Id*. ¶ 13.

With respect to the remaining objections, Amazon's counsel stated that they were not prepared to discuss each of Plaintiffs' discovery requests, and conceded that because of their objection to *any* discovery at this stage, they had not even searched for responsive documents to determine if any existed for particular requests. *Id*. ¶ 14. Amazon confirmed that even if a protective order were entered in this case, it would refuse to produce any documents until its motion to compel is resolved. *Id*. ¶ 15.

Amazon followed up in an email on October 1, 2019, asserting that "discovery must await the decision on arbitration" and that Plaintiffs' filing of a motion to compel discovery would be "an inappropriate and baseless multiplication of proceedings in violation of a litigants [sic] duty under F.R.Civ.P. 1" because "[i]f the motion to compel arbitration is granted after oral argument, obviously no discovery would proceed." *Id*. ¶ 16, Ex. 10 (Oct. 1, 2019 T. Newby Email).

Plaintiffs respectfully request that the Court overrule Amazon's objections invoking a non-existent stay of discovery, deem Amazon's boilerplate objections waived, compel Amazon to provide supplemental, substantive responses to Plaintiffs' requests within ten days of the entry of its order, and grant Plaintiffs' their reasonable attorneys' fees and costs incurred in connection with this dispute.

### III.   LEGAL STANDARD

The Federal Rules broadly authorize discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under those "liberal discovery principles," a party opposing discovery "carr[ies] a heavy burden of showing why

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

4

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

discovery was denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also State Farm Fire & Cas. v. Helen of Troy, LLC*, No. C15-1771-RSM, 2016 WL 7387100, at *1 (W.D. Wash. Dec. 21, 2016) ("The party that resists discovery has the burden to show why the discovery request should be denied."). To meet that burden, the objecting party must "adequately justify their objections and failure to produce [any] requested discovery." *Id.* at *2. Those objections must be stated "with specificity," Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B), rather than boilerplate generalities. *See Weidenhamer v. Expedia, Inc.*, No. C-14-1239RAJ, 2015 WL 1292978 (W.D. Wash. Mar. 23, 2015) (Jones, J.). When a party fails to respond adequately or substantiate its objections, Rule 37 authorizes the Court to enter an order to compel, and to award the moving party its "reasonable expenses incurred in making the motion, including attorney's fees" if successful. Fed. R. Civ. P. 37(a)(5)(A).

### IV.   ARGUMENT

#### A.   Amazon Cannot Grant Itself a a Stay of Discovery After Having Been Twice Denied One by This Court.

When the Court denied Amazon's stay request the first time, it recognized that Amazon could renew that request in conjunction with filing its motion to compel arbitration. *See* Hudson Decl. ¶ 3, Ex. 1 at 22. The Court contemplated a renewed motion for a stay, and did not say that such a stay would be automatically entered. *Id*. Indeed, the Court's Local Rules make clear that parties should not assume relief merely because they have sought it. *See, e.g.*, LCR 7(j) ("Parties should not assume that [a] motion will be granted and must comply with the existing deadline unless the court orders otherwise"). Nonetheless, Amazon objected globally to Plaintiffs' first sets of discovery requests as follows:

> On September 12, 2019, Defendants Amazon and a2z Development Center, Inc. ("Lab126") filed a motion to compel arbitration and to dismiss Plaintiffs' claims on the basis that Plaintiffs' parents—who were the account holders for the Alexa devices at issue—agreed to arbitrate any disputes with Defendants in binding arbitration on an individual basis. Once the Court determines that assent to arbitration was given by the account holders for these devices, and that these Plaintiffs are bound to those contracts by principles of equitable estoppel, this case should be dismissed or stayed to permit arbitration to proceed on all other issues. As such, merits discovery should be stayed and Plaintiffs' discovery

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

5

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

requests are premature until the Court decides Defendants' pending motion to compel arbitration.

Hudson Decl. ¶ 6, Ex. 5 at 1–2, Ex. 6 at 1–2, Ex. 7 at 1–2. Amazon then reiterated that objection in response to *every* interrogatory and document request. *See, e.g., id.*, Ex. 5 at 3 ("Amazon objects to this Interrogatory on the basis that merits discovery *should* be stayed and discovery is premature prior to the Court's decision on Defendants' pending motion to compel Arbitration.") (emphasis added).

Notwithstanding Amazon's belief that "discovery should be stayed," discovery in this case is *not* stayed. Amazon has already asked this court twice to stay all discovery because its now-pending motion to compel may result in this case being sent to a different forum. Both requests were denied. Dkts. 52, 54. However strenuously Amazon disagrees with this Court's orders, it does not have the power to grant itself relief that has already been denied. And there is no ambiguity whatsoever that a stay is not currently in place. Aside from simply reading the Court's order—which plainly denied Amazon's motion—the transcript of the hearing confirms that discovery remains open. The Court voiced its concern about "keeping this case moving along . . . if I remove some of these deadlines, I'm afraid that it's going to languish, and there will be a de facto stay in this case." Hudson Decl. ¶ 3, Ex. 1 at 22:3–6.

In denying Amazon's motion to stay, the Court noted that it would "not move any of the other deadlines" because it is "important to keep this case moving." *Id.* at 20:13–20. Further, the Court ordered *Plaintiffs* to promptly respond to Amazon's then-outstanding interrogatory (which they did) and instructed the Parties to make their initial disclosures and provide a proposed discovery plan in the weeks that followed. Dkt. 52. If any ambiguity remained in Amazon's mind after that order, it should have been removed on September 11, 2019, when the Court entered its Scheduling Order and set a January 7, 2020 deadline for Plaintiffs to seek class certification. Dkt. 54. Despite the Court's clear ruling, Amazon has unilaterally created its own stay of discovery, and has refused to provide *any* documents or answers to interrogatories beyond what was already submitted in support of its motion to compel arbitration. Not only has Amazon refused to provide

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

6

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

any discovery, it admits that it has not even attempted to ascertain whether it possesses documents responsive to each discovery request. Hudson Decl. ¶ 14.

This action is not stayed. *See* Dkts. 52, 54. And although Amazon's motion to compel arbitration requests that the Court "dismiss this action or stay all proceedings pending completion of arbitration" (Dkt. 55 at 24), that motion of course has not been granted, and Amazon has not filed any motion for a stay pending *determination* of its motion to compel arbitration. Amazon appears to believe the Plaintiffs should voluntarily grant it relief that this Court has twice denied because the Court might resolve Amazon's motion to compel relatively soon. *See* Hudson Decl. ¶ 16, Ex. 10 (Oct. 1, 2019 T. Newby Email) ("If the motion to compel arbitration is granted after oral argument, obviously no discovery would proceed."). But Plaintiffs cannot presume to know when this Court will issue a ruling on Amazon's motion. And Plaintiffs certainly are not required to assume in the meantime that Amazon will prevail on that motion. *See Younger v. Michael & Assocs., P.C.*, No. 13-CV-1679 YGR, 2014 WL 1760827, at *3 (N.D. Cal. Apr. 30, 2014) (rejecting defendants' argument "that plaintiff should have agreed to stay discovery given the pendency of defendants' motions to dismiss" because "[p]laintiff was not required to assume that he would lose those motions"). Indeed, as explained in Plaintiffs' response to that motion, Amazon's request for arbitration in this case is literally unprecedented, and should be denied. Dkt. 48 (Opp. to Mtn. to Compel Arbitration) at 6. Moreover, this Court has warned the parties that it intends to keep this case moving, has twice denied Amazon's requests for stays, and has set a discovery deadline that is earlier than even Plaintiffs had requested. In that context, it is absurd to suggest that a substantial portion of the discovery period should be permitted to lapse on the assumption that the Court might simply reset its schedule if and when Amazon's motion to compel is denied. *Cf. Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990) ("The proper course of action is [for defendant] to request that the district court enter a stay of discovery until all jurisdictional issues are decided; it is not proper to unilaterally forego discovery and then expect the trial court to change its trial calendar if it finds that personal jurisdiction is proper.")

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

7

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

It should go without saying that the filing of a motion is not the same thing as a motion being granted. *3BA Int'l LLC v. Lubahn*, No 10-cv-829, 2012 WL 12845638, at *3 (W.D. Wash. Mar. 23, 2012) (Jones, J.) ("3BA's counsel surely knows that a request for a stay is not a stay."); *Zaldivar v. T-Mobile USA,* No. 07-cv-169, 2008 WL 11344660, *6 (W.D. Wash. May 2, 2008) (Jones, J.) (criticizing defendant who "refused to meet case management obligations merely because its motions to compel arbitration were pending" and warning "that sanctions will result if any party avoids those obligations without a court order authorizing it to do so"); *see also Barker v. Kapsch Trafficcom USA, Inc.*, No. 19-cv-00987, 2019 WL 2524247, at *2 (S.D. Ind. June 18, 2019) ("[D]iscovery was not stayed by the filing of Defendants' motion to stay discovery (much like this matter is not dismissed pending a ruling on Defendants' motion to dismiss) . . . "); *Norm Thompson Outfitters, Inc. v. Starcrest Prod. of California, Inc.*, No. 03-cv-1149, 2004 WL 957774, at *3 (D. Or. May 4, 2004) (compelling discovery and sanctioning defendant where "[d]efendant has largely refused to participate in the discovery process, arguing that discovery should be stayed pending resolution of the Motion to Dismiss[ and e]ssentially, defendant has granted itself a stay of discovery without plaintiff's consent or the court's approval"); *First Am. Title Ins. Co. v. Commerce Assocs., LLC*, No. 2:15-cv-832, 2016 WL 951175, at *3 (D. Nev. Mar. 8, 2016) (rejecting party's arguments that "it will prevail in its motion to dismiss [and thus] is not obligated to participate in discovery" because those arguments "were addressed, and rejected, when the court denied Defendants' motion to stay discovery"). But this basic premise of civil litigation is unfortunately not common ground in this case.

Amazon has granted itself the stay it twice failed to obtain from the Court, and is using that self-granted stay to run out the clock on the short class discovery period. The Court should put a stop to that behavior, and make clear early in this case that the parties must comply with the Court's orders and deadlines unless and until they obtain relief from them.

> **B.  Amazon's Boilerplate Objections and Noncompliance with Rule 34(b)(2)(C) Evince a Fundamental Disregard for Amazon's Discovery Obligations and the Court's Scheduling Order.**

Beyond its insistence that discovery should be stayed regardless of the Court's prior orders, Amazon has further frustrated the discovery process with its boilerplate objections to Plaintiffs'

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

8

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

discovery requests. *See, e.g.*, Hudson Decl. ¶ 6, Ex. 7, Resp. No. 4. Courts in this District have made clear time and again that "the withholding of requested discovery on [the] basis [of an objection], when such an objection has not been properly asserted, is unacceptable and will not be tolerated." *Trotsky v. Travelers Indem. Co.*, No. 11-cv-2144-JCC, 2013 WL 12116153, at *3 (W.D. Wash. May 8, 2013); *see also Treemo, Inc. v. Flipboard, Inc.*, No. 13-cv-1218-JPD, 2014 WL 12029197 at *1–2 (W.D. Wash. Jan. 14, 2014) (ordering resubmission of discovery responses and sanctioning objecting party where discovery responses contained "boilerplate objections, refusals to answer or produce without a protective order, and references to the attorney-client privilege," and noting that "[t]he Ninth Circuit Court of Appeals has long held that boilerplate objections to interrogatories are insufficient") (*citing Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Judge Jones highlighted the problem at length in response to a responding defendant simply reiterating its boilerplate general objections in response to each interrogatory. *See Weidenhamer*, 2015 WL 1292978, at *7. Calling such tactics "obstructionist, dilatory, and, in too many instances, facially false," Judge Jones noted:

> There were perhaps valid objections [defendant] might have made to some of the discovery requests. Perhaps [defendant] even made some valid objections. The court can only guess, in part because [defendant's] initial responses are not in the record, and in part because any valid objections are buried in the obstructionist muck of [defendant's] "General Objections."

*Id.* at *7. Judge Jones continued, explaining that the defendant's boilerplate objections

> flout [the defendant's Rule 33 and 34] duties. They are a laundry list of objections devoid of any explanation of how each objection applies to the request to which it is allegedly responsive. They give a person reading them no basis to determine where its objections end and its responses begin. They give a person reading them no basis to begin a discussion about whether [defendant] has made a reasonable effort to identify responsive information or documents. . . . Using "General Objections" in the manner that [defendant] used them in this case is a per se violation of the Federal Rules of Civil Procedure. It is per se sanctionable. It is bad faith, it is contrary to the principles of civility that the court expects from parties who appear before it, and it is contrary to the spirit of the Federal Rules of Civil Procedure, which are intended to promote discovery, not obstruction.

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

9

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

*Id.* at *7–8. Amazon's boilerplate objections to each and every discovery request, while not styled as "General Objections" in the manner of *Weidenhamer*, are no less obstructionist, and no more justifiable.

Equally egregious is Amazon's failure to state whether documents were withheld because of *any* of its objections, in direct contravention of Rule 34(b)(2)(C). Rule 34 was amended in 2015 and is not ambiguous: "[a]n objection *must* state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C) (emphasis added). The reason for that amendment was simple: to "facilitate an informed discussion of the objection." Fed. R. Civ. P. 34(b)(2)(C) advisory committee's note to 2015 amendment. When an objecting party states whether documents are being withheld, the requesting party can narrow the scope of disputes brought before the Court. Amazon's failure to state, or even investigate, whether it is withholding responsive documents connected to particular objections violates the express requirement of Rule 34(b)(2)(C) and has wasted both Plaintiffs' counsel's and the Court's time. To make matters worse, Amazon did not state whether responsive documents were withheld because it could not. Amazon's counsel conceded during the Rule 37 conference that, having granted itself a stay, Amazon chose not to even engage in the process of identifying responsive facts or documents. *See* Hudson Decl. ¶ 14. In short, Amazon cannot say whether it withheld responsive documents because it did not look in the first place.[4]

By responding to Plaintiffs' discovery requests with boilerplate objections and refusing to specify whether responsive documents were withheld, Amazon has frustrated both the letter and the spirit of the Federal Rules, wasted the resources of the Parties and the Court, and burned through a substantial portion of the class discovery period. Even absent its decision to grant itself

---

[4] Further illustrating the dilatory nature of Amazon's conduct, despite essentially refusing to engage at all with Plaintiffs' discovery requests, Amazon nonetheless waited the maximum amount of time permitted to respond. Amazon could have informed Plaintiffs on the day they served discovery that it was refusing to engage in discovery or even look for responsive documents. While that would still have been wholly improper, Plaintiffs could at least have brought this dispute to the Court immediately. Instead, Amazon has attempted to run out the clock on Plaintiffs' discovery period while having no good faith intention of engaging in the discovery process at all.

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-cv-910-RAJ-MLP

10

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

a stay twice denied by the Court, that behavior would be improper. In conjunction with its self-granted stay, it represents "a per se violation of the Federal Rules of Civil Procedure." *See Weidenhamer*, 2015 WL 1292978, at *8.

## V. CONCLUSION

Amazon has made abundantly clear its belief that discovery "should be stayed" pending resolution of the motion to compel arbitration. However strongly it may hold that belief, the Court has disagreed twice. Discovery is ongoing, and neither Amazon's motion to compel arbitration nor its boilerplate objections justify its refusal to respond. Accordingly, Plaintiffs respectfully request that the Court grant their Motion to Compel Discovery Responses, order Amazon to respond fully to Plaintiffs' requests within ten days, and award Plaintiffs their attorneys' fees and costs incurred in bringing this motion.[5]

Dated: October 3, 2019

By: ___/s/ Lauren Hudson___

Lauren Hudson, WSBA #55124
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
600 University St., Ste. 2800
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
laurenhudson@quinnemanuel.com

Andrew H. Schapiro (*pro hac vice*)
Stephen Swedlow (*pro hac vice*)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com
stephenswedlow@quinnemanuel.com

---

[5] The earliest date for which this motion could be noticed after the parties met and conferred was October 18, 2019. However, if the Court concludes that it would be efficient to discuss this motion at the hearing on Amazon's motion to compel arbitration—which has already been calendared for October 17, 2019—Plaintiffs will be prepared to do so.

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

11

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

|   |   |
|---|---|
| 1 | Ashley C. Keller (*pro hac vice*) |
| 2 | Travis D. Lenkner (*pro hac vice*) |
|   | J. Dominick Larry (*pro hac vice*) |
| 3 | KELLER LENKNER LLC |
|   | 150 N. Riverside Plaza, Ste. 4270 |
| 4 | Chicago, IL 60606 |
|   | Tel.: 312.741.5220 |
| 5 | Fax: 312.971.3502 |
|   | ack@kellerlenkner.com |
| 6 | tdl@kellerlenkner.com |
|   | nl@kellerlenkner.com |

Warren D. Postman (*pro hac vice*)
KELLER LENKNER LLC
1300 Street N.W., Suite 400E
Washington, D.C.
Tel.: 202.749.8334
Fax: 312.971.3502
wdp@kellerlenkner.com

*Attorneys for Plaintiffs and the Putative Classes*

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP
12
QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 3, 2019, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

      /s/ Lauren Hudson
      Lauren Hudson, WSBA #55124

MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:19-CV-910-RAJ-MLP

13

QUINN EMANUEL URQUHART & SULLIVAN LLP
600 UNIVERSITY STREET SUITE 2800
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000