THE HONORABLE RICHARD A. JONES
THE HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| B.F. and A.A., minors, by and through their guardian Joey Fields, et al.<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and A2Z DEVELOPMENT CENTER, INC., a Delaware corporation,<br><br>Defendants. | Case No.: 2:19-cv-910-RAJ-MLP<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential or highly confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential or highly confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include documents and tangible things that contain non-public business information that is treated confidentially by the producing party in the ordinary course of business and whose disclosure may cause the producing party to be commercially disadvantaged or prejudiced. Some examples of "Confidential" materials are: trade secrets, technical information; technical practices; technical methods; know-how; product research; product design; product formulas; product testing; product development; product manufacturing; minutes of confidential board meetings; minutes of confidential officer meetings; minutes of confidential employee meetings; non-public pricing; finances; taxes; sales; profits; costs; licensing agreements; licensing negotiations; customers; customer lists; market projections; market forecasts; strategy plans; marketing strategies; Amazon account holders' personally identifiable information, including but not limited to email addresses, phone numbers and payment account information; and any personally identifiable information relating to minors.

3. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Highly Confidential – Attorneys' Eyes Only" material is extremely sensitive "Confidential Material," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4. "HIGHLY CONFIDENTIAL – SOURCE CODE" MATERIAL

"Highly Confidential – Source Code" material is extremely sensitive "Confidential Material" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(a) To the extent production of source code becomes necessary in this case, a producing party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The designating party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The Producing Party shall provide a backup secured computer within five business days of receiving notice that the primary secured computer failed or otherwise suffers technical problems impeding the inspection. The Receiving Party may request that software tools for viewing and searching source code be installed on the secured computer. The Receiving Party must provide the Producing Party with a CD, DVD, or other acceptable drive containing the agreed upon software tool(s) at least five business days in advance of the inspection. The tools may not allow the source code to be compiled. The Receiving Party's counsel or experts shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes.

(c) The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or

other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (b) in the first instance. The designating party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The designating party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 8 whereby the producing party is the "Challenging Party" and the receiving party is the "Designating Party" for purposes of dispute resolution.

(d) The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the designating party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

5. SCOPE

The protections conferred by this agreement cover not only confidential, highly confidential-attorneys' eyes only, and highly confidential-source code material (as defined above), but also (1) any information copied or extracted from confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material; (2) all copies, excerpts, summaries, or compilations of confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

6. ACCESS TO AND USE OF CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY AND HIGHLY CONFIDENTIAL-SOURCE CODE MATERIAL

6.1 <u>Basic Principles</u>. A receiving party may use confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated as highly confidential-attorneys' eyes only, and/or highly confidential-source code under this protective order;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

   (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  6.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

   (a) the receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   (b) the court, court personnel, and court reporters and their staff;

   (c) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal highly confidential-attorneys' eyes only or highly confidential-source code material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

   (d) professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

STIPULATED PROTECTIVE ORDER   6   FENWICK & WEST LLP
CASE NO.: 2:19-CV-910-RAJ-MLP    1191 SECOND AVENUE, 10TH FLOOR
   SEATTLE, WASHINGTON 98101

and Agreement to Be Bound" (Exhibit A); and

    (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  6.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material to In-House Counsel or Experts.</u> Unless agreed to in writing by the Designator, a receiving party may not disclose any material designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" except through the procedures below.

  6.4.1 A party seeking to disclose to in-house counsel any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must first make a written request to the designating party providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making. In-house counsel are not authorized to receive material designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

  6.4.2 A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" must first make a written request to the designating party that (1) sets forth the full name of the expert and the city and state of his or her primary residence; (2) attaches a copy of the expert's current resume; (3) identifies the expert's current employer(s); (4) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years; and (5) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (3) - (5) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert

STIPULATED PROTECTIVE ORDER 7 FENWICK & WEST LLP
CASE NO.: 2:19-CV-910-RAJ-MLP  1191 SECOND AVENUE, 10TH FLOOR
  SEATTLE, WASHINGTON 98101

believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the Designator regarding any such confidentiality obligations.

    6.4.3    A party that makes a request and provides the information specified in paragraphs 6.4.1 or 6.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designating party providing detailed grounds for the objection.

    6.4.4    All challenges to objections from the designating party shall be resolved by the following procedure. Within five (5) business days of the notice of objection, the parties are required to meet and confer in an effort to resolve the dispute. If the parties are unable to come to a resolution, the party seeking to retain the applicable designation shall, within ten (10) business days of the meet-and-confer, seek an order from the Court as to whether the party may disclose the materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to the identified in-house counsel or expert. Until such time as the Court enters an order, the party may not disclose the materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to the identified in-house counsel or expert.

    6.5    <u>Filing Confidential, Highly Confidential-Attorneys' Eyes Only or Highly Confidential-Source Code Material</u>. Before filing confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential or highly confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential and/or highly confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from

STIPULATED PROTECTIVE ORDER    8    F<small>ENWICK</small> & W<small>EST</small> LLP
C<small>ASE</small> N<small>O</small>.: 2:19-C<small>V</small>-910-RAJ-MLP    1191 S<small>ECOND</small> A<small>VENUE</small>, 10<small>TH</small> F<small>LOOR</small>
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98101

the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

7. DESIGNATING PROTECTED MATERIAL

    7.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    7.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

        (a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-SOURCE CODE" to each page that contains confidential, highly confidential-attorneys' eyes only, or highly confidential-source

STIPULATED PROTECTIVE ORDER    9    FENWICK & WEST LLP
CASE NO.: 2:19-CV-910-RAJ-MLP    1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

code material, respectively. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

        (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code. If a party or non-party desires to protect confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code information at trial, the issue should be addressed during the pre-trial conference.

        (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

7.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

8    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of material as confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code at any time. Unless a prompt challenge to a designating party's designation of material as confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code is

necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation of material as confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code by electing not to mount a challenge promptly after the original designation is disclosed.

8.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code designations without court involvement. Any motion regarding confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

8.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code until the court rules on the challenge.

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-SOURCE CODE" that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material may be affected.

(d) If the designating party timely seeks a protective order, the party served with the subpoena or order shall not produce any information designated in this matter as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court or other tribunal where the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection of its confidential material in that court.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, outside counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential, highly confidential-attorneys' eyes only, and/or highly confidential-source code material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 31, 2019      */s/ Lauren M. Hudson*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Lauren M. Hudson, WSBA #55124
600 University St., Ste. 2800
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
laurenhudson@quinnemanuel.com

Andrew H. Schapiro (admitted *pro hac vice*)
Stephen Swedlow (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400

| | | |
|---|---|---|
| 1 | | Fax: 312.705.7401 |
| 2 | | andrewschapiro@quinnemanuel.com |
| | | stephenswedlow@quinnemanuel.com |
| 3 | | Ashley C. Keller (admitted *pro hac vice*) |
| 4 | | Travis D. Lenkner (admitted *pro hac vice*) |
| | | J. Dominick Larry (admitted *pro hac vice*) |
| 5 | | KELLER LENKNER LLC |
| | | 150 N. Riverside Plaza, Ste. 4270 |
| 6 | | Chicago, IL 60606 |
| | | Tel.: 312.741.5220 |
| 7 | | Fax: 312.971.3502 |
| | | ack@kellerlenkner.com |
| 8 | | tdl@kellerlenkner.com |
| | | nl@kellerlenkner.com |
| 9 | | Warren D. Postman (admitted *pro hac vice*) |
| 10 | | KELLER LENKNER LLC |
| | | 1300 Street N.W., Suite 400E |
| 11 | | Washington, D.C. |
| | | Tel.: 202.749.8334 |
| 12 | | Fax: 312.971.3502 |
| | | wdp@kellerlenkner.com |
| 13 | | *Attorneys for Plaintiffs and the Putative Classes* |

| | | |
|---|---|---|
| 16 | DATED: October 31, 2019 | */s/ Jeffrey A. Ware* |
| 17 | | FENWICK & WEST LLP |
| 18 | | Jeffrey A. Ware, WSBA No. 43779 |
| | | 1191 Second Avenue, 10th Floor |
| 19 | | Seattle, WA 98101 |
| | | Telephone: 206.389.4510 |
| 20 | | Facsimile: 206.389.4511 |
| | | Email: jware@fenwick.com |
| 22 | | Laurence F. Pulgram (admitted *pro hac vice*) |
| | | Tyler G. Newby (admitted *pro hac vice*) |
| | | Molly R. Melcher (admitted *pro hac vice*) |
| 23 | | Armen N. Nercessian (admitted *pro hac vice*) |
| | | Avery L. Brown (admitted *pro hac vice*) |
| 24 | | Mary M. Griffin (admitted *pro hac vice*) |
| | | FENWICK & WEST LLP |
| 25 | | 555 California Street, 12th Floor |
| | | San Francisco, CA 94104 |
| 26 | | Telephone: 415.875.2300 |
| | | Facsimile: 415. 281.1350 |
| 27 | | Email: lpulgram@fenwick.com |
| | | tnewby@fenwick.com |
| 28 | | mmelcher@fenwick.com |

| | |
|---|---|
| | anercessian@fenwick.com |
| | avery.brown@fenwick.com |
| | mgriffin@fenwick.com |

*Attorneys for Defendants*
AMAZON.COM, INC. and
A2Z DEVELOPMENT CENTER, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: November 5, 2019

_____
MICHELLE L. PETERSON
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Hall-O'Neil v. Amazon.com, Inc. et al.*, **Case No. 2:19-cv-00910-RAJ-MLP.** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____