1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

WESTERN DISTRICT OF WASHINGTON

9

AT SEATTLE

10
11

B.F. and A.A., minors, by and through their guardian Joey Fields, et al.

Plaintiffs,

12
13

v.

14
15

AMAZON.COM, INC., a Delaware corporation, and A2Z DEVELOPMENT CENTER, INC., a Delaware corporation,

16

Defendants.

Case No.: 2:19-cv-910-RAJ-MLP

**STIPULATED MOTION TO MODIFY SCHEDULING ORDER REGARDING CLASS CERTIFICATION DISCOVERY DEADLINES**

<u>**DATE OF TELEPHONIC HEARING:**</u>
**Tuesday, December 17, 2019 at 3:00 P.M.**

**ORAL ARGUMENT SCHEDULED**

17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED MOTION TO MODIFY SCHEDULING
ORDER RE CLASS CERTIFICATION
CASE NO.: 2:19-CV-910-RAJ-MLP

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and LCR 16(b)(5), Plaintiffs and Defendants Amazon.com, Inc. and a2z Development Center, Inc. (collectively, "Amazon") respectfully submit this joint motion requesting that the Court modify the Rule 16(b) and Rule 23(d)(2) Scheduling Order Regarding Class Certification (Dkt. No. 54) by 120 days to allow the parties to complete class certification discovery and proceed with briefing on Plaintiffs' motion for class certification. The current deadline for the parties to complete discovery on class certification issues is January 7, 2020, with Plaintiffs' class certification motion to follow on February 7, 2020. As the Court acknowledged at the October 17, 2019 hearing in this matter, this schedule set "an aggressive timetable" for class certification discovery, and the Court invited the parties, after diligent efforts, to seek relief from deadlines that proved unworkable.

Since that hearing, the parties believe that they have worked diligently and in good faith to satisfy their respective discovery obligations. The parties have also met and conferred extensively on discovery matters, among other things to narrow areas of dispute. Despite these efforts, however, the current timetable for completing class certification discovery is unfeasible, and there are several reasons for an extension of the deadlines concerning class certification in this case. Given the complexity of the legal issues and the technology in this case, Plaintiffs' discovery requests seek extensive technical and business sensitive information concerning a core Amazon service. The parties have disputes over the scope of discovery and have brought one dispute over whether Plaintiffs state claims entitling them to discovery based on post-recording use and disclosure of voice recordings for resolution by the Court. In addition, Plaintiffs have sought leave to file a proposed second amended complaint that would add new claims under California law on behalf of a California class and could affect the scope of discovery. All the disputed discovery issues cannot be resolved before the January 7, 2020 class certification discovery deadline. Nor can all documents be collected before disputes over scope are unresolved. Moreover, while the parties have been working to schedule depositions in this matter, it is not possible to complete all the necessary depositions – including of the named class representatives, their guardians, and relevant Amazon witnesses – before the current deadline.

STIPULATED MOTION TO MODIFY SCHEDULING
ORDER RE CLASS CERTIFICATION
CASE NO.: 2:19-CV-910-RAJ-MLP                    1

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

For these reasons, the parties respectfully request an extension of 120 days to all current discovery and briefing deadlines concerning class certification. The parties propose that the Court modify the case calendar set forth in the Rule 16(b) and Rule 23(d)(2) Scheduling Order Regarding Class Certification as follows:

| Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Deadline to complete discovery on class certification | January 7, 2020 | May 6, 2020 |
| Deadline for Plaintiffs to file Motion for Class Certification | February 7, 2020 | June 8, 2020 |
| Deadline for Amazon to File Opposition to Plaintiffs' Motion for Class Certification | March 28, 2020 | July 27, 2020 |
| Deadline for Plaintiffs to file Reply re: Plaintiffs' Class Certification Motion | April 15, 2020 | August 13, 2020 |

This schedule accords more closely with the circumstances that this very complicated action presents. Accordingly, the parties request that the Court extend both parties' deadlines in the current scheduling order for 120 days, as proposed above.

## BACKGROUND

### I. DISCOVERY EFFORTS TO DATE

On June 11, 2019, the initial complaint was filed in this action, naming Plaintiff C.O. Dkt. No. 1. On July 8, 2019, counsel for Plaintiffs filed their First Amended Complaint, adding 21 minor plaintiffs and seven causes of action. *See* Dkt. No. 24 ("FAC"). On September 11, 2019, the Court entered a scheduling order setting a deadline for the parties to complete discovery on class certification by January 7, 2020, and for Plaintiffs to file their motion for class certification by no later than February 7, 2020, with Amazon's opposition to follow on March 28, 2020 and the Plaintiffs reply due April 15, 2020. Dkt. No. 54.

Amazon filed a motion to compel this action to individualized arbitration and to dismiss or stay Plaintiffs' claims pending arbitration on September 12, 2019. Dkt. No. 55. Following this

STIPULATED MOTION TO MODIFY SCHEDULING
ORDER RE CLASS CERTIFICATION
CASE NO.: 2:19-CV-910-RAJ-MLP

2

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

motion, on September 23, 2019, Amazon responded to Plaintiffs' discovery requests with objections that merits discovery should be stayed and that Plaintiffs' discovery requests were premature until the Court decided Amazon's pending Arbitration Motion. Plaintiffs responded by filing a motion to compel discovery responses on October 3, 2019. Dkt. No. 70.

This Court issued a report and recommendation (the "Report") denying Amazon's motion to compel arbitration on October 21, 2019. Dkt. No. 78. On October 21, 2019, the Court also granted Plaintiffs' motion to compel discovery and ordered Amazon to provide substantive responses to Plaintiff's discovery requests within two weeks. It also ordered the parties to meet and confer on a coordinated discovery effort that will take the similar putative class actions pending in other districts into account. Dkt. No. 79. On November 4, 2019, Amazon filed its objection to the Report. Dkt. No. 86. The same day, Amazon also provided substantive responses to Plaintiffs' discovery requests, together with a production totaling over 10,000 pages. The parties reached agreement on how to coordinate discovery between this case and other pending matters, including understandings concerning the extent to which other parties could rely upon discovery received in one matter in another, and limitations on the ability of a side to seek identical discovery-related relief in one proceeding after an adverse decision in another. The parties filed the ESI Agreement on November 7, 2019. Dkt. No. 90. Plaintiffs filed their response to Amazon's objections to the Report on November 18, 2019. Dkt. No. 92. Judge Jones has yet to take action on the Report, and Amazon's motion to compel arbitration is thus still pending.[1]

Following Amazon's supplemental response, the parties conferred extensively about Amazon's amended responses to Plaintiffs' discovery requests, both over email and in telephonic conferences on November 6, 2019; November 14, 2019; November 15, 2019; and November 19, 2019. In addition to its November 4 production, Amazon produced more than 12,000 additional pages of documents on November 27, 2019. This production included confidential Amazon

---

[1]If the motion to compel arbitration were denied, the Federal Arbitration Act provides an appeal as of right to such a decision. Amazon reserves the right to seek a stay of this action pending an appeal of the district court's ultimate decision, and Amazon does not waive any rights to arbitration by its submission of this Joint Motion or its other conduct of discovery as ordered by the Court. That said, Amazon also fully understands the Court's order to proceed with discovery, and it is complying without hesitation or ambiguity, even while preserving its potential rights to arbitration.

STIPULATED MOTION TO MODIFY SCHEDULING
ORDER RE CLASS CERTIFICATION
CASE NO.: 2:19-CV-910-RAJ-MLP

3

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

documents concerning Alexa's architecture and how it operates, all privacy policies, all Alexa Terms of Use, Amazon disclosures about Alexa recordings, Alexa privacy settings, and settings for Alexa kid skills. On December 11, 2019, Amazon produced roughly 6,800 audio streams of the Alexa interactions for the accounts identified in the FAC. On December 13, 2019, the parties exchanged lists of document custodians and non-custodial sources of documents pursuant to the ESI Order. The parties reached an impasse on a major issue that requires a decision from the Court: whether Plaintiffs are entitled to discovery on Amazon's actual and potential post-recording use and disclosure of voice recordings. On December 13, 2019, Plaintiffs filed the joint motion on their motion to compel discovery. Dkt. No. 96.

On December 6, Plaintiffs filed a motion for leave to file a Second Amended Complaint.[2] Dkt. No. 93. The Proposed Second Amended Complaint seeks to join three new plaintiffs, drop several current plaintiffs (whose claims in the FAC Plaintiffs dismissed voluntarily after filing the motion for leave to amend), and add a claim under California law. *See generally* Dkt. No. 94-1 ("PSAC").

The parties conferred by telephone on the PSAC on December 6, 2019; December 10, 2019; and December 11, 2019. During these calls, the parties also discussed the current case schedule and agreed that a 120-day extension was needed to allow the parties complete class certification discovery. Accordingly, the parties contacted the Court on December 11, 2019 to request a telephonic hearing for an extension.

## II.   REMAINING TASKS FOR CLASS CERTIFICATION DISCOVERY

The parties anticipate having to perform substantial work before class certification discovery can close.[3] Amazon needs to collect documents from the relevant custodians (who have

---

[2] Amazon is considering Plaintiffs' motion for leave to file its proposed second amended complaint, and it reserves the right to oppose the proposed amendment or to bring motions under Rule 12 if and when the proposed second amended complaint is filed on the docket. In addition, Amazon reserves the right to bring a motion to dismiss the First Amended Complaint, as Amazon has, pending decision on the motion to compel discovery, not substantively responded to the Plaintiffs' claims in this action. *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988). Plaintiffs reserve all rights with respect to Amazon's potential motions.

[3] This is a partial statement of work that the parties anticipate performing during class certification discovery. The parties reserve the right to file additional motions or seek relief from the Court based on case developments or prospective disputes.

STIPULATED MOTION TO MODIFY SCHEDULING
ORDER RE CLASS CERTIFICATION
CASE NO.: 2:19-CV-910-RAJ-MLP                        4

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

been identified and are in the process of meet and confer); to review the results; and to produce responsive materials. Amazon contends that the scope of the claims that remain in the case after motions to dismiss will affect this process. This case concerns a core Amazon service, and Amazon's documents concerning Alexa are extensive, voluminous, and often technical; Amazon advises that retrieving this information from Amazon's systems is complicated. Plaintiffs also need to respond to Amazon's outstanding written discovery which seeks identification of which utterances are by any of the identified Plaintiffs, as opposed to other household members, among other things. To the extent that there are disagreements between the parties as to the adequacy of production of documents, these will need to be negotiated or, if necessary, brought to the Court.

The parties also will be taking and defending depositions of multiple named class representatives, their guardians, and relevant Amazon personnel. Plaintiffs are minor children living in multiple different states, and scheduling the necessary depositions – over the holidays – so they all conclude before the January 7, 2020 cutoff is impracticable. Amazon's witnesses cannot be effectively deposed before production of the bulk of Amazon's documents. In addition, there is anticipated motion practice relating to the pleadings, including Plaintiffs' pending motion for leave to file the PSAC (Dkt. No. 93) and Amazon's intended motion to dismiss the operative complaint (whether the FAC or the PSAC). These matters may affect the scope of discovery, and there is good cause to extend the schedule to afford time for the Court to resolve these key disputes and conduct discovery in an efficient manner.

## ARGUMENT

Under the Federal Rules of Civil Procedure, a pretrial scheduling order may be modified for "good cause and with the judge's consent." Fed. R. Civ. P 16(b)(4). The focus of the inquiry into whether good cause exists is on "the diligence of the party seeking the extension." *See Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Tr.*, No. 4:13-CV-00106-EJL-CW, 2015 WL 759003, at *1 (D. Idaho Feb. 23, 2015) (modifying case management order in light of motion for leave to amend complaint) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Good cause exists thus exists where scheduling deadlines cannot be met despite a party's diligence. *Id.*

STIPULATED MOTION TO MODIFY SCHEDULING
ORDER RE CLASS CERTIFICATION
CASE NO.: 2:19-CV-910-RAJ-MLP

5

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

Here, there are several reasons for the Court to enter an order extending the schedule for class certification discovery by 120 days. First, the parties have diligently pursued their discovery obligations and continue to do so. Amazon has produced documents reflecting the architecture and operation of Alexa, privacy policies, and terms, among other things, and it is also produced recordings of Alexa interaction for the accounts at issue in the FAC. The parties meet and confer regularly on discovery matters to narrow the areas of dispute, and where they were unable to reach a compromise, have brought that dispute before the Court.

Second, an extension is necessary to allow each side to depose witnesses with knowledge relevant to class certification issues. This dispute concerns claims from over twenty minor class representatives, brought on their behalf by their guardians, and Amazon, and – while the parties are still conferring as to the logistical details – each side anticipates that it will seek multiple depositions. It is impracticable for the parties to complete the necessary depositions before the January 7, 2020 cutoff, and the extension will allow the parties to more efficient sequence and schedule depositions in this matter.

Third, from Defendants' perspective a 120-day extension will allow the Court enough time to settle the pleadings in the case. Amazon has not yet answered or filed a Rule 12 motion in response to the First Amended Complaint, much less the Second Amended Complaint if its permitted to be filed, as Defendants believe is needed to decide the scope of class certification issues. Plaintiffs do not necessarily agree that this requires an extension, though they agree that an extension is needed for the other reasons described above.

Considering the complexity of the case, and coordinating discovery across the numerous plaintiffs and guardians, the present scheduling order regarding class certification does not permit adequate time for either of party to meet the deadlines. Accordingly, the parties seek a 120-day extension of all case deadlines concerning class certification discovery and briefing.

## **CONCLUSION**

In light of the above, the parties respectfully request that the Court grant this joint request to modify the scheduling order and extend all deadlines regarding class certification by 120 days.

DATED: December 16, 2019

STIPULATED MOTION TO MODIFY SCHEDULING
ORDER RE CLASS CERTIFICATION
CASE NO.: 2:19-CV-910-RAJ-MLP

6

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

For Plaintiffs and the Putative Class

For Defendants, AMAZON.COM, INC. and
A2Z DEVELOPMENT CENTER, INC.

By _/s/ Lauren M. Hudson_

By _/s/ Jeffrey A. Ware_

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Lauren M. Hudson, WSBA #55124
600 University St., Ste. 2800
Seattle, WA 98101
Tel.: 206.905.7075
Fax: 206.905.7100
laurenhudson@quinnemanuel.com

Andrew H. Schapiro (admitted pro hac vice)
Stephen Swedlow (admitted pro hac vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: 312.705.7400
Fax: 312.705.7401
andrewschapiro@quinnemanuel.com
stephenswedlow@quinnemanuel.com

Ashley C. Keller (admitted pro hac vice)
Travis D. Lenkner (admitted pro hac vice)
J. Dominick Larry (admitted pro hac vice)
Aaron M. Zigler (admitted pro hac vice)
KELLER LENKNER LLC
150 N. Riverside Plaza, Ste. 4270
Chicago, IL 60606
Tel.: 312.741.5220
Fax: 312.971.3502
ack@kellerlenkner.com
tdl@kellerlenkner.com
nl@kellerlenkner.com
amz@kellerlenkner.com

Warren D. Postman (admitted pro hac vice)
KELLER LENKNER LLC
1300 Street N.W., Suite 400E
Washington, D.C.
Tel.: 202.749.8334
Fax: 312.971.3502
wdp@kellerlenkner.com

FENWICK & WEST LLP

Jeffrey A. Ware, WSBA No. 43779
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone:    206.389.4510
Facsimile:    206.389.4511
Email: jware@fenwick.com

Laurence F. Pulgram (admitted pro hac vice)
Tyler G. Newby (admitted pro hac vice)
Molly R. Melcher (admitted pro hac vice)
Armen N. Nercessian (admitted pro hac vice)
Avery L. Brown (admitted pro hac vice)
Mary M. Griffin (admitted pro hac vice)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415. 281.1350
Email: lpulgram@fenwick.com
          tnewby@fenwick.com
          mmelcher@fenwick.com
          anercessian@fenwick.com
          avery.brown@fenwick.com
          mgriffin@fenwick.com

STIPULATED MOTION TO MODIFY SCHEDULING
ORDER RE CLASS CERTIFICATION
CASE NO.: 2:19-CV-910-RAJ-MLP

7

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

# ORDER

Based on the foregoing, the Court GRANTS the joint motion and MODIFIES the case calendar as follows:

| Event | Old Deadline | New Deadline |
|---|---|---|
| Deadline to complete discovery on class certification | January 7, 2020 | May 6, 2020 |
| Deadline for Plaintiffs to file Motion for Class Certification | February 7, 2020 | June 8, 2020 |
| Deadline for Amazon to File Opposition to Plaintiffs' Motion for Class Certification | March 28, 2020 | July 27, 2020 |
| Deadline for Plaintiffs to file Reply re: Plaintiffs' Class Certification Motion | April 15, 2020 | August 13, 2020 |

IT IS SO ORDERED.

DATED: December 17, 2019

MICHELLE L. PETERSON
United States Magistrate Judge

STIPULATED MOTION TO MODIFY SCHEDULING
ORDER RE CLASS CERTIFICATION
CASE NO.: 2:19-CV-910-RAJ-MLP                    8

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

**CERTIFICATE OF SERVICE**

I, Jeffrey A. Ware, hereby certify that on December 16, 2019, I caused the foregoing

**STIPULATED MOTION TO MODIFY SCHEDULING ORDER REGARDING CLASS**

**CERTIFICATION DISCOVERY DEADLINES** to be served on the following parties as

indicated below:

| | |
|---|---|
| Lauren Hudson, WSBA No. 55124<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>600 University St., Ste. 2800<br>Seattle, WA 98101<br>laurenhudson@quinnemanuel.com | [ ]  By United States Mail<br>[ ]  By Legal Messenger<br>[X] By Electronic CM/ECF<br>[ ]  By Overnight Express Mail<br>[ ]  By Facsimile<br>[ ]  By Email [by agreement of counsel] |

Andrew H. Schapiro (*pro hac vice*)
Stephen Swedlow (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
andrewschapiro@quinnemanuel.com
stephenswedlow@quinnemanuel.com

Ashley C. Keller (*pro hac vice*)
Travis D. Lenkner (*pro hac vice*)
J. Dominick Larry (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
KELLER LENKNER LLC
150 N. Riverside Plaza, Ste. 4270
Chicago, IL 60606
ack@kellerlenkner.com
tdl@kellerlenkner.com
nl@kellerlenkner.com
amz@kellerlenkner.com

Warren D. Postman (*pro hac vice*)
KELLER LENKNER LLC
1300 Street N.W., Suite 400E
Washington, D.C.
wdp@kellerlenkner.com

*Attorneys for Plaintiff and the Putative Class*

Dated: December 16, 2019          By: *s/ Jeffrey A. Ware*
                                                           Jeffrey A Ware

STIPULATED MOTION TO MODIFY SCHEDULING
ORDER RE CLASS CERTIFICATION
CASE NO.: 2:19-CV-910-RAJ-MLP                    9

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101