The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B.F. and A.A., minors, by and through their guardian Joey Fields, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM INC, a Delaware corporation, and A2Z DEVELOPMENT CENTER, INC., a Delaware corporation,<br><br>Defendants. | Case No. C19-910 RAJ-MLP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter is before the Court on Defendants' Motion to Compel Arbitration and Dismiss Plaintiffs' Claims. Dkt. # 55. On October 21, 2019, the Honorable Michelle L. Peterson issued a Report and Recommendation recommending the Court deny Amazon's motion. Dkt. # 78. Amazon objects. Dkt. # 86. For the following reasons, the Court **ADOPTS** the Report and Recommendation and **OVERRULES** Amazon's Objections. Amazon's Motion to Compel Arbitration and Dismiss Plaintiffs' Claims is **DENIED**.

The factual background of this case is set forth in Judge Peterson's Report and Recommendation and the Court will not repeat it here. *See* Dkt. # 78. A district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or

ORDER - 1

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, the Court has engaged in a de novo review of the record and finds no basis to defer from Judge Peterson's well-reasoned Report and Recommendation ("Report").

When deciding a motion to compel arbitration, a court's role under the FAA is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The party seeking to compel arbitration bears the burden of proving both elements. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). To determine whether the parties agreed to arbitrate, courts apply ordinary state-law contract principles. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In this case, Washington law governs the arbitration clause at issue.

As a general rule, non-signatories are not bound by arbitration clauses. There are, however, limited exceptions to this rule. Amazon argues that Plaintiffs should be compelled to arbitrate based on the doctrine of equitable estoppel. Under Washington law, equitable estoppel may require a nonsignatory to arbitrate if that person "knowingly exploits" the contract in which the arbitration agreement is contained. *Townsend v. Quadrant Corp.,* 173 Wash. 2d 451, 461 (2012). Several courts applying Washington law have held that a nonsignatory satisfies this test by bringing claims that arise under, or directly relate to the contract. *See* Dkt. # 78 at 15-17 (discussing cases). Other courts have also extended this principle to apply to instances where the plaintiff makes a misrepresentation to the defendant in order to access services under the contract. *See Nicosia v. Amazon.com, Inc*., 384 F. Supp. 3d 254 (E.D.N.Y. 2019); *Bridge v. Credit One Financial*, Case No. 2:14-cv-1512, 2016 WL 1298712, \*3 (D. Nev. Mar. 31, 2016).

Amazon objects to Judge Peterson's finding that a party may only "knowingly exploit" a contract by bringing claims that either arise under, or directly relate to the contract. Dkt. # 86 at 4-12. According to Amazon, Judge Peterson should have more

ORDER - 2

broadly interpreted the "knowingly exploit" test to include individuals who "directly benefit" from the contract. Dkt. # 86 at 10. Plaintiffs respond that the so-called "direct benefits" test is not the governing standard under Washington law. Dkt. # 92 at 16.

As an initial matter, it is not clear that the "direct benefits" test applies to arbitration provisions governed by Washington law. Regardless, even if the "direct benefits" test applies, Amazon's claim still fails. Under this standard, "[a] party is estopped from denying its obligation to arbitrate when it receives a 'direct benefit' from a contract containing an arbitration clause." *Am. Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349, 353 (2d Cir. 1999). The Second Circuit has distinguished a "direct benefit" from an "indirect benefit." *MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC*, 268 F.3d 58 (2d Cir. 2001). A direct benefit is one that flows directly from the agreement while a "benefit derived from an agreement is indirect where the nonsignatory exploits the contractual relation of parties to an agreement, but does not exploit (and thereby assume) the agreement itself." *MAG Portfolio Consult,* at 61. In this case, Plaintiffs, at most, received only an *indirect* benefit from their parents' agreements with Amazon. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1179-80 (9th Cir. 2014) (plaintiff who made purchase from Barnes & Noble not estopped under "direct benefits" test, where Terms of Use agreement included choice-of-law provision). Thus, they cannot be estopped from avoiding the arbitration provision contained within the agreements.

Amazon separately argues that under the "intertwined/close relationship" test, Plaintiffs should be obligated to arbitrate their claims. Dkt. # 86 at 15. The Court disagrees. As noted in the Report, the vast majority of cases applying this test have done so where a *nonsignatory* is attempting to bind a *signatory* to arbitration. That is not the case here. Instead, Amazon as a signatory defendant is attempting to compel Plaintiffs as nonsignatories to arbitration. The Court agrees with the Report that the nature of Plaintiffs' relationship with their parents is an insufficient basis to bind them to

ORDER - 3

arbitration.  *See* Dkt. # 78 at 10; *see also Double D Trade Co., LLC v. Lamex Foods, Inc.,* No. C09-0919RSL, 2009 WL 4927899, at *6 n.5 (W.D. Wash. Dec. 14, 2009) ("Although a nonsignatory can enforce an arbitration agreement against a signatory because of the close relationships between the entities involved and between the alleged wrongs and the contract containing the arbitration agreement, courts have not compelled nonsignatories to arbitrate under this theory."); *MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC,* 268 F.3d 58, 62 (2d Cir. 2001) ("because arbitration is guided by contract principles . . . a signatory may not estop a nonsignatory from avoiding arbitration regardless of how closely affiliated that nonsignatory is with another signing party.").

As noted in the Report, if Amazon wanted to include a provision in the agreement requiring the parents to consent to arbitration on behalf of their minor children, it could have done so. Dkt. # 78 at 22-23. It did not. In this case, the Court agrees with the Report that compelling Plaintiffs to arbitration under equitable estoppel would lead to absurd results, where any nonregistered user who uses the devices in question could be bound by the arbitration agreement. Dkt. # 70 at 19-20. Because Plaintiffs did not "knowingly exploit" the agreements containing the arbitration clauses, they cannot be equitably estopped from avoiding them.

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. # 78) and **OVERRULES** Defendants' Objections (Dkt. # 86). Defendants' Motion to Compel Arbitration and Dismiss Plaintiffs' Claims is **DENIED** (Dkt. # 55).

Dated this 9th day of April, 2020.

The Honorable Richard A. Jones
United States District Judge