UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

B.F. and A.A., minors, by and through their guardian Joey Fields, *et al*.,

Plaintiffs,

v.

AMAZON.COM INC, a Delaware corporation, and A2Z DEVELOPMENT CENTER, INC., a Delaware corporation,

Defendants.

Case No. C19-910-RAJ-MLP

REPORT AND RECOMMENDATION

## I.  INTRODUCTION

This matter is before the Court on Amazon.com, Inc. and A2Z Development Center, Inc.'s (collectively, "Defendants" or "Amazon") motion to stay these proceedings pending appeal of the Honorable Richard A. Jones' Order denying Amazon's motion to compel arbitration. (Mot. (Dkt. # 143).) Plaintiffs submitted a response in opposition to Amazon's motion (Resp. (dkt. # 146)) and Amazon submitted a reply (Reply (dkt. # 149)). The Court, having considered the parties' submissions, the applicable law, and the balance of the record,

REPORT AND RECOMMENDATION - 1

hereby recommends that Amazon's motion to stay be GRANTED for the reasons discussed below.[1]

## II. BACKGROUND

Plaintiffs, minor children, initiated this action involving wiretapping claims through their respective parents as legal guardians, alleging that Amazon's Alexa service on devices in their homes recorded their confidential communications in violation of the laws of eight states. (First Amended Class Action Complaint ("FAC") (Dkt. # 24).)[2] Plaintiffs have since submitted a second amended complaint, adding a California Plaintiff, claims under California's Invasion of Privacy Act, and claims regarding alleged use and disclosure of voice recordings. (Second Amended Complaint ("SAC") (Dkt. # 93).)

In September 2019, Amazon filed a motion to compel arbitration. (Dkt. # 55.) The Undersigned submitted a Report and Recommendation recommending Amazon's motion to compel arbitration be denied. (Report and Recommendation (Dkt. # 78).) Judge Jones issued an Order ("Order") adopting the Report and Recommendation and denying Amazon's motion. (Order (Dkt. # 137).) Amazon filed its Notice of Appeal regarding the Order on April 22, 2020. (Dkt. # 142.) As noted above, Amazon's instant motion seeks a stay of the proceedings pending resolution of Amazon's interlocutory appeal before the Ninth Circuit Court of Appeals regarding its motion to compel arbitration. (Dkt. # 55.) Amazon also moves for a stay in the proceedings

---

[1] Both parties requested oral argument. (Mot. at 1; Resp. at 1.) The Court finds oral argument unnecessary to resolve the instant motion.

[2] The Undersigned's Report and Recommendation regarding Amazon's motion to compel arbitration sets forth a full summary of the underlying facts of this dispute that will not be repeated here. (Dkt. # 78 at 2-6.)

REPORT AND RECOMMENDATION - 2

pending Judge Jones' ruling on the Report and Recommendation regarding the motion to stay. (Mot. at 18.)

### III. DISCUSSION

The Federal Arbitration Act ("FAA") permits interlocutory appeals from the denial of a motion to compel arbitration. 9 U.S.C. § 16. An appeal from a district court's order denying a motion to compel arbitration does not trigger an automatic stay pending the appeal. *Britton v. Co-op Banking Group,* 916 F.2d 1405, 1412 (9th Cir. 1990). Whether to issue a stay is an exercise of judicial discretion. *Nken v. Holder*, 556 U.S. 418, 433 (2009). In the Ninth Circuit, this is the case even where the underlying issue is whether the district court properly denied a motion to compel arbitration. *Britton,* 916 F.2d at 1405.

Courts generally consider four factors when determining whether to grant a stay pending the appeal of a civil order: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the moving party will be irreparably injured absent a stay; (3) whether a stay will substantially injure the opposing party; and (4) whether the public interest favors a stay. *Id.* at 1412*; Hilton v. Braunskill,* 481 U.S. 770, 776 (1986). "The first two factors … are the most critical." *Nken,* 557 U.S. at 434.

#### A. Substantial Legal Questions or Likelihood of Success

"To justify a stay, a petitioner must show, at minimum, that [they have] a substantial case for relief on the merits." *Leiva-Perez*, 640 F.3d at 964. However, the moving party does not need to show they are more likely than not to win on the merits as long as the issue on appeal raises a 'serious' legal question and the remaining factors favor a stay. *Id.*; *see also Smith v. Legal Helpers Debt Resolution, LLC,* 2012 WL 12863172, at *2 (W.D. Wash. Apr. 24, 2012). The Ninth Circuit has not defined exactly what makes a legal question "serious," but courts have

found that a question is serious when it raises an issue of first impression within the Ninth Circuit or involves a split in legal authority. *Vesta Corporation v. Amdocs Management Limited*, 2016 WL 10843668, at *2 (D. Or. Nov. 7, 2016); *see also Britton,* 916 F.2d 1405.

The focus of Amazon's motion is that the Order departs from authority holding that equitable estoppel bars family members from accepting the benefits of services to their household while avoiding agreements to arbitrate that are a precondition of receiving those benefits. (Mot. at 13.) Amazon argues its appeal raises at least three serious legal questions warranting a stay. (*Id.* at 12.) First, Amazon asserts it raises the question of whether Washington law recognizes "direct benefits" estoppel under the "knowingly exploits test." (*Id.* at 14.) Amazon argues that although the Order identified this question as an unsettled issue (Order at 3), many cases, including *Townsend v. Quadrant Corp.*, 173 Wash.3d 451 (2012) (en banc), have found Washington law embraces the "direct benefits" formulation. (*Id.*) Amazon asserts Appellate guidance regarding recognition of direct benefits estoppel under the knowing exploits test is crucial to both this matter and a pending putative class action, *Adamsky v. Amazon.com, Inc., et al.,* C19-1214-JCC (W.D. Wash), involving privacy claims arising from the use of an Amazon Echo product. (Mot. at 14.)

Second, Amazon argues its appeal raises serious legal questions about whether Washington law regarding equitable estoppel materially differs from both Ninth Circuit law and California law. (*Id.* at 14.) Amazon cites to *Tice v. Amazon.com, Inc., et al.*, 2020 WL 1625782 (C.D. Cal. Mar. 25, 2020), a recent case that compelled arbitration for claims by a non-signatory household member arising from the voluntary use of Amazon's product Alexa. (*Id.*) Amazon argues the Order denied compulsion of arbitration based on the same conduct in which the *Tice* court compelled arbitration. (*Id.*) Amazon asserts that relevant authority, including *Townsend*,

REPORT AND RECOMMENDATION - 4

1  *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171 (9th Cir. 2014), the Order, and *Tice*, consistently evaluate equitable estoppel as derivative of the Ninth Circuit's reasoning in *Comer v. Micor, Inc.*, 436 F.3d 1098 (9th Cir. 2006) and *Mundi Union Sec. Life Ins. Co.*, 555 F.3d 1042 (9th Cir. 2009). (Reply at 2-3.) Amazon therefore argues that the differing outcomes in the Order and *Tice* show a conflict in law exists. (Mot. at 15.)

Third, Amazon argues its appeal raises a serious legal question regarding the meaning of receiving a "direct benefit." (Mot. at 15.) Amazon argues the Order found that even if Washington law recognizes the direct benefits test, estoppel is inapplicable because Plaintiffs received an indirect benefit from their parents, rather than a direct benefit. (*Id.* at 15 (citing Order at 3).) Amazon argues that other courts applying Ninth Circuit and Washington law have found a family's receipt of a service contracted for by a family member sufficient to constitute a direct benefit. (*Id.* (citing *Hofer v. Emley*, 2019 WL 4575389 (N.D. Cal. Sept. 20, 2019); *Payne v. Amazon.com, Inc.*, 2018 WL 4489275 (D.S.C. July 25, 2018)*; Montoya v. Comcast Corp.*, 2016 WL 5340651 (E.D. Cal. Sept 23, 2016); and *Nicosia v. Amazon.com, Inc.*, 384 F. Supp. 3d 254 (E.D.N.Y. 2019)).) Amazon asserts the Order does not explain how the Plaintiffs' benefits are indirect whereas their parents' benefits are direct based on the same activities, and further, that this finding contradicts *Tice*. (Mot. at 16; Reply at 16.)

Plaintiffs respond that Amazon's motion merely repeats the unsuccessful arguments made in its motion to compel arbitration and therefore fails to raise a serious legal question. (Resp. at 12 (citing *In re Pac. Fertility Ctr. Litig.*, 2019 WL 2635539, at *3 (N.D. Cal. June 27, 2019)).) Plaintiffs assert the Order properly found that under Washington law, non-signatory plaintiffs can only be compelled to arbitration where the plaintiffs bring claims relating directly to the contract, not tort or statutory claims, and that Amazon has failed to present any

Washington case to the contrary. (Resp. at 11-12.) Plaintiffs further argue that *Tice* presents no conflict in law because it applied California law, not Washington law. (*Id.* at 12-13.)

The Court finds Amazon's appeal has made the necessary showing of a serious legal question required for a stay. At a minimum, the split in decisions between the Order and *Tice* appears to raise a conflict in law regarding the treatment of equitable estoppel. As noted by Amazon, nothing in the Order or *Tice* explains the basis for the conflict even though both courts considered the same conduct. Although *Tice* considered California law, the court's analysis appears derivative of *Comer* and *Mundi*, authority that was also considered by this Court. (Report and Recommendation at 15-16); *E.W. Bank v. Bingham* 992 F. Supp. 2d 1130, 1133 (W.D. Wash. 2014) ("the Court believes that Washington courts would apply the same standard recited in *Mundi*."). Therefore, even if Amazon's motion repeats arguments previously raised in its motion to compel arbitration, the new, contradictory *Tice* decision is sufficient to show a split in authority, and thus, raises a serious legal question.[3] Accordingly, the Court finds the first factor weighs in favor of Amazon, especially in light of the other factors discussed below.

      **B.**    **Irreparable Harm**

A moving party must show that irreparable harm is probable if a stay is not granted. *Leiva-Perez*, 640 F.3d at 968. "If the petitioner has not made a threshold showing of irreparable harm … then a stay may not issue, regardless of the petitioner's proof regarding stay on the other factors." *Id.* at 965 (*citing Nken*, 556 U.S. at 432-434).

---

[3] Amazon submitted a notice of supplemental authority in support of its motion to stay notifying the Court that the Central District of California issued a decision granting Amazon's motion to stay pending appeal of the partial denial of Amazon's motion to compel arbitration in *Tice*. (Dkt. # 150.) The *Tice* court found Amazon's motion raised serious legal questions that are best addressed on appeal. (*Id.*, Ex. A.)

REPORT AND RECOMMENDATION - 6

1  Amazon argues it will suffer irreparable harm if it is not granted a stay. (Mot. at 16
2  (citing, *inter alia*, *Alascom, Inc. v. ITT North Elec. Co.,* 727 F.2d 1419, 1422 (9th Cir. 1984) (If a
3  party must undergo the expense of trial before being able to appeal a refusal to compel
4  arbitration, "the advantages of arbitration—speed and economy—are lost forever.")).)
5  Specifically, Amazon argues that if this matter were to proceed pending appeal, it would endure
6  not only the typical costs associated with ligitation, but it would also bear the burden of costs
7  associated with discovery and class certification proceedings that could possibly lead to an
8  additional interlocutory appeal. (Mot. at 17.)

9  Plaintiffs argue *Alascom* is distinguishable because in that matter the court observed
10 irreperable harm could result from a party undergoing the expense of enduring a trial before
11 appealing an order regarding a motion to compel arbitration, which was decided prior to the
12 FAA's allowance for immediate appeals of such motions. (Resp. at 7.) Plaintiffs argue that trial
13 in this matter is not likely to occur before resolution of Amazon's appeal, and therefore, Amazon
14 should be required to participate in the discovery process in the interim. (*Id.*) Plaintiffs also
15 assert that Amazon faces numerous individual arbitrations, filed by Plaintiffs' counsel, and a
16 similar consolidated action in Superior Court of California, Alameda County, and therefore the
17 burden of conducting discovery in this matter would not cause Amazon irreparable injury. (Resp.
18 at 8.)

19 Courts have determined that defendants face a particular risk of irreparable harm when
20 they have appealed an order refusing to compel arbitration of a potential class action. *See*
21 *Rajagopalan v. Noteworld, LLC,* 2012 WL 2115482, at *3; *Smith*, 2012 WL 12863172, at *2. If
22 there is a valid arbitration agreement, "one party is deprived of the inexpensive and expeditious
23 means by which the parties had agreed to resolve their disputes." *Alascom, Inc.,* 727 F.2d at

REPORT AND RECOMMENDATION - 7

1423. This is the exact posture of this matter. If Amazon is denied a stay, the majority of discovery for class certification would need to be conducted, including depositions of the numerous Plaintffs and their parents and/or guardians. (Mot. at 17.) If Amazon's appeal is subsequently successful, it will have incurred these additional moot costs and been deprived of the benefits of its arbitration agreement. There are also multiple pending motions before the Court, including a motion to dismiss and motions to compel discovery, that would require resolution pending appeal.[4] Accordingly, Amazon has made a threshold showing that irreparable harm is probable.

The Court finds Plaintiffs' argument concerning individual arbitrations and the California action unavailing. As Amazon notes, there is currently a stay in discovery in the California action pending a ruling on Amazon's motion to compel arbitration in that matter. (Mot. at 6 (citing Pulgram Reply Decl. (Dkt. # 149) at ¶ 2).) Moreover, California law provides an automatic stay pending appeal, which will further delay discovery in that matter should Amazon's motion be denied and is appealed. (*Id.* (citing Cal. Code Civ. P. 1281.4).) With regard to the arbitration matters, the Court agrees with Amazon that discovery in this action could differ substantially from the more limited arbitration discovery, and therefore, the pending arbitration matters do not mitigate the harm Amazon faces if its instant motion to stay is denied. Given the limited context of Amazon's interlocutory appeal of the order denying compulsion of arbitration, and that the potential class-action litigation expenses would negate the cost-limiting purpose of arbitration, this factor weighs in favor of Amazon.

---

[4] After Amazon filed its motion to compel arbitration, it submitted a motion to dismiss (dkt. # 106) and a motion to compel discovery (dkt. # 124). Plaintiffs also filed a motion to compel discovery (dkt. # 112). These motions are currently pending before the Court.

REPORT AND RECOMMENDATION - 8

### C. Prejudice to Plaintiffs

The third factor asks whether issuance of a stay will substantially injure the other parties interested in the proceeding. *Lieva-Perez,* 640 F.3d at 964. Amazon argues Plaintiffs would suffer no harm from a stay because if Amazon prevails on appeal and this matter proceeds to arbitration, any further costs incurred pending resolution of the appeal would be wasted. (Mot. at 17.) Amazon further argues that even if its appeal is unsuccessful, any costs would be *de minimus* as a short stay in this matter would not materially affect the proceedings. (*Id.*; Reply at 7.) Plaintiffs respond generally that the alleged unlawful recording of class members is ongoing and that there is a potential risk that evidence concerning this matter will become stale if a stay is granted. (Resp. at 13.)

The Court finds Plaintiffs would not be significantly prejudiced if this matter were stayed. In weighing the factors considered for a motion to stay, courts apply a "sliding scale" approach whereby the factors are balanced "so that a stronger showing of one … may offset a weaker showing of another." *Leiva-Perez*, 640 F.3d at 964. Courts balance the harm to the parties and have deemed that it would be redundant for both actions to proceed simultaneously. *Sample v. Brookdale Senior Living Communities, Inc.*, 2012 WL 195175, at *2 (W.D. Wash Jan. 23, 2012); *see also Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1251 (2004) (citing *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.,* 128 F.3d 504, 505 (7th Cir. 1997).)

Here, the equities tilt in favor of Amazon. As discussed above, if Amazon is successful on appeal, this matter will proceed to arbitration. Denying a stay would force Amazon to incur unnecessary litigation costs and risk Amazon having to defend a class action rather than individual claims in arbitration. Thus, the Court finds Amazon has established probable

REPORT AND RECOMMENDATION - 9

1 irreparable harm. Although Plaintiffs indicate there is a possibility of harm, they do not identify
2 any specific harm. Rather, Plaintiffs generally assert a delay in the matter could result in harm.
3 The Court finds this potential harm does not outweigh the other factors supporting a motion to
4 stay, especially given the probable irreparable harm Amazon faces.

        **D.**      **Public Interest**

With regard to the last factor, policies underlying arbitration law stress the importance of judicial efficiency and economy. Courts have observed that issuing a stay avoids wasting judicial resources and is in keeping with the federal policy favoring arbitration. *See, e.g.*, *AG Edward & Sons, Inc., v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992); *Sample,* 2012 WL 195175 at *2; *Lowden, et al., v. T-Mobile USA, Inc.*, 2006 WL 1896678, at *2 (W.D. Wash. July 10, 2006).

Amazon argues that because a ruling by this Court pending appeal would be moot if Amazon is successful on appeal, public interest favors a stay for judicial efficiency and economy. (Mot. at 18.) Plaintiffs acknowledge the interest in the FFA enforcing valid arbitration agreements, but assert other public policies, such as Washington State's interest in enforcing its law, support denying a motion to stay. (Resp. at 14-15.)

The Court finds it in the public's interest to stay this matter pending Amazon's appeal to save both time and judicial resources. If Amazon succeeds on appeal, any further litigation conducted pending that resolution will have been unnecessary and wasted. Further, arbitration is favored, and the FAA should be able to enforce arbitration rights in the event Amazon's appeal succeeds. Accordingly, the Court finds Amazon has met its burden as to each factor and a stay in these proceedings pending appeal is warranted. A proposed order accompanies this Report and Recommendation.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Amazon's Motion to Stay (dkt. # 143) be GRANTED. The Court recommends that all other motions (dkt. ## 106, 112, 124) and deadlines be stricken from the Court's calendar, pending the outcome of the Ninth's Circuit's decision and that the parties be directed to promptly advise the Court when the appeal is concluded and of the result. The Court also STAYS the proceedings pending Judge Jones' ruling on the instant Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 5, 2020.**

The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 15th day of May, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge