**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| B.F.; A.A., minors, by and through their guardian Joey Fields; C.O., a minor, by and through her guardian Alison O'Neil, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs-Appellees,<br><br>　v.<br><br>AMAZON.COM INC, a Delaware corporation; A2Z DEVELOPMENT CENTER, INC., a Delaware corporation,<br><br>　　　　Defendants-Appellants. | No.　20-35359<br><br>D.C. No. 2:19-cv-00910-RAJ-MLP<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted February 2, 2021
San Francisco, California

Before: RAWLINSON and BUMATAY, Circuit Judges, and EATON,** Judge, United States Court of International Trade.

---

　　　* 　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　** 　Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

In this case, Plaintiffs are minor children who allege that Amazon's Alexa service has intercepted or recorded their communications without their consent, in violation of various state-wiretapping laws. Amazon now appeals the district court's denial of its motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B). We review de novo, *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564 (9th Cir. 2014), and affirm.

The basis of Amazon's motion to compel is the arbitration agreements entered into by Plaintiffs' parents when they activated their Amazon accounts and the Alexa service. It is undisputed that, if the parents brought the same claims as Plaintiffs, the terms to which they agreed would bind them to arbitration. Thus, the sole issue is whether the Plaintiffs, as non-signatories, are nonetheless bound to arbitrate. We apply state law to answer that question. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009). The parties agree that Washington law applies.

Generally, non-signatories are not bound by a contract's arbitration clause because "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wash. 2d 781, 810 (2009) (en banc) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). Nonetheless, there are limited exceptions to this general rule. *Id.*

One such exception is equitable estoppel, which "precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the

2

burdens that contract imposes." *Townsend v. Quadrant Corp.*, 173 Wash. 2d 451, 461 (2012) (en banc) (simplified). In other words, when a person "knowingly exploits" a contract containing an arbitration clause, the person can be compelled to arbitrate despite having never signed the agreement. *Id.* (quoting *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009)).

The Washington Supreme Court's application of this rule in *Townsend* compels our conclusion. There, several plaintiff-homeowners brought suit against the corporation that had constructed and sold them their homes, alleging that construction defects resulted in personal injuries resulting from mold, pests, and poisonous gases. *Id.* at 453–54. Their claims, brought individually and on behalf of their minor children, were for outrage, fraud, unfair business practices, negligence, negligent misrepresentation, rescission, and breach of warranty. *Id.* at 454–55. Pursuant to the purchase agreement between the homeowners and the corporation, the corporation moved to compel arbitration. *Id.* The question that divided the Washington Supreme Court was similar to the one presented here: whether the non-signatory children were bound to arbitrate their claims. *Id.* at 460.

A majority of the Court held that the children were not bound to arbitrate. *See id.* at 465–66 (Stephens, J., concurring in part and dissenting in part). To be sure, "a party who knowingly exploits a contract for benefit cannot simultaneously avoid the burden of arbitrating." *Id.* at 464. But a non-signatory does not knowingly exploit

3

the contract when they bring claims that "do not arise out of the contract"—that is, when the non-signatory brings claims that "sound in tort and allege personal injures." *Id.* at 465  Thus, because the children in *Townsend* were asserting claims based on "an independent duty" that did not "arise from" the agreement containing the arbitration clause, they were not bound to arbitrate. *Id.*[1]

The same is true here.  Plaintiffs are not asserting any right or looking to enforce any duty created by the contracts between their parents and Amazon. Instead, Plaintiffs bring only state statutory claims that do not depend on their parents' contracts.  In other words, irrespective of those agreements, Amazon would owe to Plaintiffs the legal duty that Plaintiffs claim has been violated.  *See David Terry Invs., LLC-PRC v. Headwaters Dev. Grp. Ltd. Liab. Co.*, 13 Wash. App. 2d 159, 170 (2020) (applying *Townsend* and explaining that a non-signatory is not bound to arbitrate when they assert rights that arise "wholly independent" of the contract containing the arbitration clause).

---

[1] The Washington Supreme Court's unconventional practices have caused some confusion in this case.  In *Townsend*, the "lead" opinion, which was delivered by Justice Alexander, held that the plaintiff children were bound to arbitrate. *Townsend*, 173 Wash. 2d. at 461–62 (lead opinion).   Justice Stephens's "concurring/dissenting" opinion held that the children were not bound to arbitrate. *Id.* at 465 (Stephens, J., concurring in part and dissenting in part).  Because Justice Stephen's opinion received five votes—a majority of the Court—it constitutes the majority opinion even though it is not the "lead" opinion.  *See In re Det. of Reyes*, 184 Wash. 2d 340, 346 (2015) ("A principle of law reached by a majority of the court, even in a fractured opinion, is not considered a plurality but rather binding precedent.").

Amazon alternatively argues that we should compel arbitration based on what it calls the "intertwined" or "close-relationship" theory of estoppel. This theory fails.

Amazon does not cite, and we have not found, any Washington case applying this theory of estoppel. Moreover, this theory is generally only used by non-signatories to bind signatories to arbitration, not the reverse. For instance, to support its use of close-relationship estoppel, Amazon relies on our decision in *Mundi*. But there, we explained that under this theory "a *signatory* may be required to arbitrate a claim brought by a nonsignatory because of the close relationship between the entities involved." *Mundi*, 555 F.3d at 1046 (emphasis added) (simplified); *see also David Terry Invs., LLC-PRC*, 13 Wash. App. 2d at 171 ("Courts applying equitable estoppel against a *signatory* have looked to the relationships of persons, wrongs and issues, in particular whether the claims that the *nonsignatory* sought to arbitrate were intimately founded in and intertwined with the underlying contract obligations.") (emphasis added) (simplified). Accordingly, Amazon as a signatory cannot use this theory—which Washington has not explicitly recognized—to bind Plaintiffs who are non-signatories.

**AFFIRMED.**